IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:    11-cv-00467-LTB-KLM

MATTHEW HARVEY,
    Plaintiff

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. and, JOHN C. WALLACE,
    Defendants

## CONFIDENTIALITY/PROTECTIVE ORDER

THE COURT DOES HEREBY ORDER this Protective Order shall apply to plaintiff's medical records, employment records, and tax records that are private, confidential, and/or privileged, and that are disclosed by plaintiff to Mr. Wallace for purposes of this litigation.

IT IS FURTHER ORDERED THAT:

1. Any records voluntarily disclosed to Mr. Wallace's insurer before the commencement of this litigation are not subject to the terms of this stipulation.

2. Plaintiff's medical records, employment records, and tax records (the "Records") that are disclosed during this litigation and are the subject of this stipulation are to be labeled, marked, or designated with a "CONFIDENTIAL" stamp. The Records are to be used only in this litigation or related litigation, such as an appeal. Mr. Wallace, his defense counsel, and his insurer will not use the Records for any purpose not related to this litigation and will not disclose any of the Records to the public.

3. The Records may be utilized by Mr. Wallace, his defense, and his insurer to evaluate plaintiff's claims and to prepare a defense in this litigation. For these purposes, the

Records may be disclosed without plaintiff's prior authorization or approval to the following third parties:

    a.    attorneys actively working on or supervising the work on this case, including their employees and associates;

    b.    representatives of any insurer providing a defense in this litigation;

    c.    any parties and their designated representatives;

    d.    expert witnesses and consultants retained in connection with this litigation;

    e.    the Court and its employees;

    f.    stenographic reporters;

    g.    deponents and witnesses; and

    h.    other persons by written agreement of the parties.

4.    Before disclosing the Records to any third party, a copy of this Protective Order shall be provided and the third party will agree in writing to destroy any of the Records received at the conclusion of litigation.

5.    Absent any court order to the contrary, at the conclusion of this litigation, any copies of the Records shall be destroyed, except that defense counsel and Mr. Wallace's insurer may maintain records in accordance with their regular business practices for maintenance and destruction of files and records and in accordance with applicable laws, statutes, and regulations governing the maintenance and destruction of client files and insurance records. This Protective Order is not intended to impose on defense counsel and/or Mr. Wallace's insurer any obligation with respect to record keeping that is more burdensome than that imposed by currently existing, applicable laws, statutes, and regulations.

6. After this litigation is concluded, while the Records are maintained by defense counsel and Mr. Wallace's insurer, they shall not be disclosed to any third parties unless such disclosure is permitted by applicable laws, statutes, and regulations; plaintiff's written authorization; or court order.

7. In the event of an unintended, inadvertent, or accidental disclosure of any of the Records, the party that caused the unintended disclosure may cure the unintended disclosure by advising plaintiff's counsel in writing of the disclosure, requesting that any of the Records be returned, and destroying any such Records.

8. If it is determined that Mr. Wallace, his defense counsel, his insurer, and/or any person identified in paragraph 3, due to inadvertence or by accident, did not destroy the Records following the conclusion of this litigation and/or in accordance with applicable business practices, as required by this Protective Order, the party that failed to destroy any such Records may cure the unintended failure by advising plaintiff's counsel in writing of the failure and destroying any such Records.

Dated this 15th day of March, 2012.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE